EXHIBIT 1

|  | Judge: | Hon. Marc L. Barreca |
|---|---|---|
|  | Chapter: | 7 |
|  | Hearing Date: | October 5, 2017 |
|  | Hearing Time: | 9:30 a.m. |
|  | Hearing Site: | 700 Stewart St., #7106 |
|  | Response Date: | September 28, 2017 |

UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

PAKIE V. PLASTINO,

Debtors

Case No. 17-11760-MLB

OBJECTION TO TRUSTEE'S MOTION FOR ABANDONMENT OF CLAIMS

JAMES RIGBY, the Chapter 7 Trustee of the Debra Wilson bankruptcy estate, ("Rigby") and a creditor of this bankruptcy estate objects to the Motion for Abandonment of Claims ("Abandonment Motion") filed by the Chapter 7 Trustee, Ronald Brown as set forth below.

The Abandonment Motion seeks abandonment of a lawsuit originally filed by the Debtor, Plastino in King County Superior Court ("Lawsuit") against Rigby's court approved counsel in the Debra Wilson Chapter 7 bankruptcy case. The Lawsuit was filed the day before his Chapter 11 case was converted to a Chapter 7. The Lawsuit has never been served on the parties. The Lawsuit was filed without first obtaining the permission of the Debra Wilson bankruptcy court as required under the Barton Doctrine [1].

---

[1] Pursuant to the *Barton Doctrine*, a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity. *In re Crown Vantage, Inc.*, 421 F.3d 963 (9th Cir. 2005). The doctrine, which originally protected court-appointed receivers, has since been expanded to include bankruptcy trustees and court-appointed counsel. *See, In re Summit Metals, Inc.*, 477 B.R. 484, 496 (Bankr. D. Del. 2012), citing *Lowenbrau v. Canary (In re Lowenbraun)*, 453 F.3d 314, 321 (6th Cir. 2006) (holding that the *Barton Doctrine* applies to trustee's counsel as well as to trustees themselves).

OBJECTION TO
TRUSTEE'S MOTION FOR ABANDONMENT
OF CLAIMS
Page 1

Wood & Jones, P.S.
303 North 67th Street
Seattle WA 98103
(206) 623-4382

Case 17-11760-MLB    Doc 127    Filed 09/28/17    Ent. 09/28/17 16:58:12    Pg. 1 of 4

Case 17-01129-FPC    Doc 30-1    Filed 10/16/17    Ent. 10/17/17 14:17:34    Pg. 2 of 14

The Lawsuit was removed to this Court by Rigby's counsel and is pending under Adversary Case Number 17-01129. This Court recused itself from hearing the Lawsuit and it was transferred to the Honorable Frederick P. Corbit.

On September 19, 2017, Judge Corbit held a status conference in the Lawsuit, with all interested parties present, including Rigby's counsel, Mr. Plastino and Mr. Brown. At the status conference, Judge Corbit set the hearing for summary judgment motions for Wednesday October 25, 2017, at 2:00 p.m. Judge Corbit also issued a Summary Judgment Scheduling Order (Adversary Docket No. 22). The scheduling order required any party filing a summary judgment motion to do so by September 22, 2017. The scheduling order also set a response deadline for any opposition to the motions (including by Mr. Plastino) of Monday, October 16, 2017 and set the deadline for replies in support of the motions for noon on Monday, October 23, 2017.

Counsel for the defendants in the Lawsuits have both filed timely motions for summary judgment. Thus, it is likely that there will be some sort of ruling from Judge Corbit on or shortly after October 25, 2017: (1) which will determine if the Lawsuit is to proceed further; and (2) which may answer the question of whether the Lawsuit has any value or benefit to the estate.

Section 554 of the Bankruptcy Code authorizes the abandonment of any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. Abandonment is an exception to the ordinary course of bankruptcy administration and "should only be compelled in order to help the creditors by assuring some benefit in the administration of each asset". *In re Viet Vu*, 245 B.R.644,647 (B.A.P. 9th Cir 2000).

"In order to approve a motion to abandon property, the bankruptcy court must find either that (1) the property is burdensome to the estate or (2) of inconsequential value

OBJECTION TO
TRUSTEE'S MOTION FOR ABANDONMENT
OF CLAIMS
Page 2

Wood & Jones, P.S.
303 North 67th Street
Seattle WA 98103
(206) 623-4382

Case 17-11760-MLB    Doc 127    Filed 09/28/17    Ent. 09/28/17 16:58:12    Pg. 2 of 4

Case 17-01129-FPC    Doc 30-1    Filed 10/16/17    Ent. 10/17/17 14:17:34    Pg. 3 of 14

and inconsequential benefit to the estate. *In re Viet Vu*, at 647. The interests of the estate and the creditors – not the interests of the debtor - receive "primary consideration" in evaluating a motion to abandon. *In re Galloway*, BAP No. AZ-13-1085-PaKota, 2014 WL 4212621, at *6 (B.A.P. 9th Cir. Aug. 27, 2014).

Pursuant to the statute value and benefit have different meanings. See *In re K.C. Mach. & Tool Com. 816 F.2d* 238, 245 (6th Cir. 1987). Courts determine the value of an asset by ascertaining how much the asset is worth, whereas they determine the benefit to the estate by analyzing whether a sale of the asset will "increase[e] the funds available for distribution to creditors. See *in re K.C. Mach. & Toll Co.*, 816 F..2d at 246-47. The main question for this court is "whether there is reason that the estate's interest in the property should be preserved or, instead, whether the property is so worthless or burdensome to the estate that is should be removed therefrom". *In re Garcia*, 521 B.R. at 686 (quoting *In re K.C. Mach & Tool Co.*, 816 F.2d at 246). Resolving that question requires the bankruptcy court to make a "factual determination about whether there is any 'potential value' the estate may derive from administration of the property". Id. (citing *In re Yack*, 2009 WL 7751419, at *7).

The movant has the burden of proving by a preponderance of the evidence that the property is of inconsequential value and benefit to the estate. See, *Id*.

In this case, at the present time and given the present posture of the Lawsuit, the Trustee cannot prevail on his motion to compel abandonment because he has not provided information from which this Court can make a factual determination as to the underlying value of the asset, i.e., the Lawsuit.

Local Rule 9013(d)(1)(A) requires that a Declaration be filed to support the alleged facts in a motion. There was no Declaration filed in support of the motion. Consequently, there is no actual evidence before this Court as to the value and benefit of the Lawsuit.

OBJECTION TO
TRUSTEE'S MOTION FOR ABANDONMENT
OF CLAIMS
Page 3

Wood & Jones, P.S.
303 North 67th Street
Seattle WA 98103
(206) 623-4382

Case 17-11760-MLB    Doc 127    Filed 09/28/17    Ent. 09/28/17 16:58:12    Pg. 3 of 4

Case 17-01129-FPC    Doc 30-1    Filed 10/16/17    Ent. 10/17/17 14:17:34    Pg. 4 of 14

The abandonment statute and case law require the Trustee to take a position, either the Lawsuit has value or the Lawsuit has no value, and set forth the reasons and documents that support the position he takes. At this point, the Court cannot grant the Abandonment Motion as filed because there is no Declaration to support it. However, given the pending summary judgment motions filed in the Lawsuit before Judge Corbit scheduled for hearing on October 25, 2017, the Trustee will soon have a judicial determination of whether the Lawsuit has value to the estate. This is because either Judge Corbit will grant the motions and dismiss the Lawsuit (which will mean the Trustee has nothing to abandon) or he may deny the motions which would mean that the Lawsuit may have some settlement value to the Estate going forward.

Accordingly, this Abandonment Motion should be continued to a date after October 25, 2017 and the ruling of Judge Corbit on the pending motions in the Lawsuit.

Respectfully submitted this 28th day of September 2017.

| WOOD & JONES, P.S. | SCHWEET LINDE COULSON, PLLC |
|---|---|
| /s/ Denice E. Moewes | /s/ Thomas S. Linde |
| Denice E. Moewes, WSB#19464 | Thomas S. Linde, WSBA#14426 |
| Attorneys for James Rigby, Chapter 7 | Attorneys for James Rigby, Chapter 7 |
| Trustee of the Debra Wilson estate | Trustee of the Debra Wilson estate |

OBJECTION TO
TRUSTEE'S MOTION FOR ABANDONMENT
OF CLAIMS
Page 4

Wood & Jones, P.S.
303 North 67th Street
Seattle WA 98103
(206) 623-4382

Case 17-11760-MLB    Doc 127    Filed 09/28/17    Ent. 09/28/17 16:58:12    Pg. 4 of 4

Case 17-01129-FPC    Doc 30-1    Filed 10/16/17    Ent. 10/17/17 14:17:34    Pg. 5 of 14

# Exhibit 2

Below is the Order of the Court.

Marc Barreca
U.S. Bankruptcy Judge
(Dated as of Entered on Docket date above)

Judge:      Hon. Marc L. Barreca
Chapter:    7

UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

PAKIE V. PLASTINO,

Debtors.

Case No. 17-11760-MLB

ORDER DENYING TRUSTEE'S MOTION FOR ABANDONMENT OF CLAIMS

THIS MATTER having come before Judge Marc L. Barreca on the Trustee's Motion for Abandonment of Claims ("Trustee's Motion"); the Court finding that notice of the Trustee's Motion was timely given to all creditors as evidenced by Declaration of Mailing on file with the Court, and further finding that the notice was timely and reasonable and in compliance with the Bankruptcy Code and Rules and the Local Rules and having considered the objection thereto, and having heard the oral arguments of the Trustee and counsel for James Rigby, and deeming itself fully informed in the matter.

ORDER DENYING MOTION FOR
ABANDONMENT OF CLAIM

Page 1

Wood & Jones, P.S.
303 North 67th Street
Seattle WA 98103
(206) 623-4382

Case 17-11760-MLB    Doc 130    Filed 10/11/17    Ent. 10/11/17 07:50:50    Pg. 1 of 2

Case 17-01129-FPC    Doc 30-1    Filed 10/16/17    Ent. 10/17/17 14:17:34    Pg. 7 of 14

For the reasons stated by the Court on the record at the hearing held in open court on Friday, October 6, 2017 at 1:30 p.m., which are incorporated into this order pursuant to Fed. R. Bankr. P. 7052 and Fed. R. Civ. P. 52, it is hereby

ORDERED that the Trustee's Motion is denied without prejudice.

///END OF ORDER///

**WOOD & JONES, P.S.**

/s/ Denice E. Moewes
Denice E. Moewes, WSB#19464
Attorneys for James Rigby, Chapter 7
Trustee of the Debra Wilson estate

Ronald G. Brown, WSBA#14426  8816
Chapter 7 Trustee

**SCHWEET LINDE COULSON, PLLC**

/s/ Thomas S. Linde
Thomas S. Linde, WSBA#14426
Attorneys for James Rigby, Chapter 7
Trustee of the Debra Wilson estate

ORDER DENYING MOTION FOR
ABANDONMENT OF CLAIM

Page 2

Wood & Jones, P.S.
303 North 67th Street
Seattle WA 98103
(206) 623-4382

EXHIBIT 3

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>PAKIE VINCENT PLASTINO,<br><br>Debtor. | Case No. 17-11760-MLB<br><br>DECLARATION OF GEOFFREY GROSHONG RE CONNECTIONS AND CONFLICTS |

I, Geoffrey Groshong, declare and state as follows:

1. I am an attorney and the sole member of Groshong Law PLLC. I make this declaration in support of an ex parte application for an order authorizing my employment as counsel for Ronald G. Brown ("Brown"), chapter 7 trustee for the above-named debtor pursuant to Fed. R. Bankr. Proc. 2014. My office is located at 600 Stewart Street, Suite 1300, Seattle, Washington, 98101. Except as set forth herein, I am a professional person who does not hold or represent an interest adverse to the bankruptcy estate. I am a disinterested person pursuant to 11 U.S.C. §101(14).

2. I began consulting with Brown on or about July 6, 2017. I completed my conflicts review on July 9, 2017, and prepared the Application as soon thereafter as was practicable. My employment should be approved *nunc pro tunc* to July 6, 2017.

DECLARATION OF GEOFFREY GROSHONG RE CONNECTIONS
AND CONFLICTS - 1

GROSHONG LAW PLLC
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101

Case 17-11760-MLB    Doc 76    Filed 07/20/17    Ent. 07/20/17 12:22:48    Pg. 1 of 3
Case 17-01129-FPC    Doc 30-1    Filed 10/16/17    Ent. 10/17/17 14:17:34    Pg. 10 of 14

3. Except as set forth below, I do not have a relationship of which I am aware with the Debtor, any creditor or any other party in interest, their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

4. I have represented and currently represent Edmund J. Wood, the owner of the law firm Wood & Jones, PS, in his capacity as a chapter 7 or chapter 11 bankruptcy trustee in unrelated matters. Edmund J. Wood, Denice E. Moewes and the law firm of Wood & Jones PS, have represented me as counsel or special counsel in unrelated matters concluded matters in which I served as the Chapter 7 or Chapter 11 trustee. Cases in which I represent Edmund J. Wood in his capacity as Chapter 7 trustee currently make up a significant part of my case load, and I expect that I will continue to represent Mr. Wood in this capacity in the future.

5. James F. Rigby, Jr. has represented me as counsel or special counsel in matters in which I served as the Chapter 7 or Chapter 11 trustee. Further, I have represented James F. Rigby, Jr., in his capacity as a chapter 7 trustee or a chapter 11 trustee in numerous unrelated cases. Such representations are likely to continue.

6. Because of my connections with Edmund J. Wood, Denice E. Moewes, and James F. Rigby, Jr., described above, I believe my representation of Brown in this case should be limited so that my representation does not include matters adverse to James F. Rigby, Jr., or to Wood & Jones, PS, or its attorneys Edmund J. Wood and Denice E. Moewes.

7. My retention as attorney for trustee in this case should be limited to provide that I will not represent or otherwise assist Brown in his investigation or otherwise into the Debtor's scheduled claim(s) against "James Rigby, abuse of Process, Wood and Jones Attorneys at Law for additional claims" disclosed in the Debtor's answer to Question 33 on Schedule B, filed May 3, 2017 [Dkt. 20, at page 8].

DECLARATION OF GEOFFREY GROSHONG RE CONNECTIONS AND CONFLICTS - 2

GROSHONG LAW PLLC
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101

Case 17-11760-MLB    Doc 76    Filed 07/20/17    Ent. 07/20/17 12:22:48    Pg. 2 of 3
Case 17-01129-FPC    Doc 30-1    Filed 10/16/17    Ent. 10/17/17 14:17:34    Pg. 11 of 14

8. I have not in the past, I do not currently, and I will not in the future represent Edmund J. Wood, Denice E. Moewes, and James F. Rigby, Jr., with respect to any of the claims against them disclosed on the Debtor's Schedule B.

9. In the future, I may represent creditors or other parties in interest in unrelated cases where Brown is the chapter 7 trustee. I do not believe that such representations would create a conflict in this case. I will not represent any party adverse to the Trustee in this case.

10. My current hourly rate is $350. The hourly rate for my paralegal, Kalen Daniels, is $140. These rates are subject to annual adjustment, and all adjusted billing rates will apply thereafter. Costs for which reimbursement is requested are billed at the actual amount advanced.

11. I have read Local Bankruptcy Rule 2016-1 in accordance with Local Bankruptcy Rule 2014-1.

I declare on penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

SIGNED this 20th day of July, 2017, at Seattle, Washington.

*/s/ Geoffrey Groshong*
Geoffrey Groshong
WSB No. 6124

DECLARATION OF GEOFFREY GROSHONG RE CONNECTIONS AND CONFLICTS - 3

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101

Case 17-11760-MLB    Doc 76    Filed 07/20/17    Ent. 07/20/17 12:22:48    Pg. 3 of 3
Case 17-01129-FPC    Doc 30-1    Filed 10/16/17    Ent. 10/17/17 14:17:34    Pg. 12 of 14

# Exhibit 4

Pakie V. Plastino
11740 Riviera Place NE
Seattle, WA 98105
206.953.7012

August 2, 2017

Washington Bar Association
1325 Fourth Avenue, #600
Seattle, WA 98101-2539

Re: Edmund J. Wood and Denice Moewes

In 1995 I was one of four managing partners of a closely held corporation known as "Glengarry Inc." That same year, Glengarry decided to file a Chapter 11 bankruptcy as a result of an irreconcilable shareholder dispute. I was given the task of finding a bankruptcy attorney. I selected Wood & Jones (Ed Wood and Denice Moewes). They were retained by Glengarry based on my recommendation.

Glengarry's bankruptcy lasted four years. During the four years, I met with Wood and Moewes on a regular basis providing them with confidential and what I considered to be privileged information regarding how the other managers and I had structured Glengarry's real estate and financial transactions.

Wood and Moewes received about $235,000 in legal fees from Glengarry. I helped raise much of that money. Also, during the Glengarry bankruptcy case I engaged in a one-time sexual liaison with Denice.

In 2013 one of the other managers of Glengarry Inc., Debra Wilson, filed a personal bankruptcy. The Trustee in her case retained Wood Jones as his attorney. Wood & Jones then filed a lawsuit against me alleging that Wilson had transferred assets to me for the purpose of defrauding her creditors. Some of the assets allegedly transferred to defraud creditors were owned by Glengarry back when Wood & Jones represented Glengarry in its Chapter 11.

I discussed with at least three lawyers what I thought to be an obvious conflict of interest issue with Wood & Jones, and in particular with Denice. Each time I got the same reaction: Nobody who practices in the bankruptcy court will touch the conflicts problem because Denice lives with one of the judges, Tim Dore. After coming to the conclusion that I'm not likely to get a fair hearing in the bankruptcy court, I filed a lawsuit in Washington Superior Court. A copy is attached. I also wish to file a formal complaint against Ed Wood and Denice Moewes based on the issues raised in my lawsuit.

Sincerely,


Pakie V. Plastino