Entered on Docket November 8, 2017



Below is the Order of the Court.

_____
**Frederick P. Corbit
U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 17-11760-MLB |
| PAKIE V. PLASTINO, | **NOT FOR PUBLICATION** |
| Debtors. | |
| PAKIE V. PLASTINO, | |
| Plaintiff, | Adversary No. 17-01129-FPC |
| v. | MEMORANDUM DECISION RE: DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT |
| WOOD & JONES, P.S.; EDMUND J. WOOD and JANE DOE WOOD, Husband and Wife; DENICE E. MOEWES; SCHWEET LINDE & COULSON, PLLC; THOMAS S. LINDE and JANE DOE LINDE, Husband and Wife; EDWARD R. COULSON and JANE DOE COULSON, Husband and Wife; BINAH B. YEUNG and JOHN DOE YEUNG, Husband and Wife; and KATHERINE B. WATSON and JOHN DOE WATSON, Husband and Wife, | |
| Defendants. | |

## INTRODUCTION

Defendants Wood & Jones, P.S., Edmund J. Wood and Jane Doe Wood, and Denice E. Moewes (collectively "Wood & Jones) and Schweet Linde & Coulson, PLLC, Thomas S. Linde and Jane Doe Linde, Edward R. Coulson and Jane Doe Coulson, Binah B. Yeung and John Doe Yeung, Katherine B. Watson and John Doe Watson (collectively "Schweet Linde & Coulson") moved for summary judgment dismissal of the adversary proceeding initiated by Plaintiff Pakie V. Plastino against them. Mr. Plastino alleged the following causes of action in his complaint: (1) conflict of interest in violation of the Washington Rules of Professional Conduct (RPC), (2) breach of Washington's Consumer Protection Act (CPA), chapter 19.86 RCW, and (3) intentional infliction of emotional distress. At the hearing on October 25, 2017, the court heard argument of Denice Moewes, attorney for Wood & Jones, Thomas Linde, attorney for Schweet Linde & Coulson, and Mr. Plastino. The court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. The court has reviewed the evidence and arguments presented, and the matter is ready for decision.[1]

---

[1] The Honorable Frederick Corbit was temporarily transferred as a United States Bankruptcy Judge to the Western District of Washington to hear this case. [ECF No. 18].

Below is the Order of the Court.

## FACTUAL BACKGROUND

On December 18, 2013, Debra Wilson filed a Chapter 7 petition in the United States Bankruptcy Court for the Western District of Washington, Case No. 13-20904. [Case No. 13-20904 ECF No. 1]. James Rigby was appointed as the trustee for the estate. [Case No. 13-20904 ECF No. 6]. On October 29, 2014, Mr. Rigby filed an ex parte application, supported by a declaration of no conflict, to employ Wood & Jones as counsel for Mr. Rigby. [Case No. 13-20904 ECF Nos. 21 and 22]. No objections to the application were filed. Accordingly, the court entered the order appointing Wood & Jones on November 3, 2014. [Case No. 13-20904 ECF No. 24].

In August 2015, Debra Wilson's counsel sent a letter to Mr. Rigby stating he believed Wood & Jones had a conflict of interest because it had represented the interests of Glengarry, Inc. ("Glengarry") and managing member Debra Wilson in a Chapter 11 bankruptcy pending in the Western District of Washington from 1995 to 2000. [Case No. 13-20904 ECF No. 36]. Wood & Jones filed a supplemental declaration of no conflict disclosing it had represented Glengarry, but not the shareholders, in that bankruptcy. [Case No. 13-20904 ECF No. 36]. Thereafter no parties objected to Woods & Jones' continued employment on the case.

On April 22, 2016, Mr. Rigby filed another ex parte application, also supported by a declaration of no conflict, to employ Schweet Linde & Coulson as co-counsel for the trustee. [Case No. 13-20904 ECF Nos. 56 and 57]. The

application stated Mr. Rigby required further assistance of counsel in prosecuting various named pending adversary proceedings, including a case filed against Mr. Plastino ("Plastino Adversary"). [Case No. 13-20904 ECF No. 56]. In the absence of objections, the court entered the order appointing Schweet Linde & Coulson on April 26, 2016. [Case No. 13-20904 ECF No. 59].

Schweet Linde & Coulson prosecuted the Plastino Adversary, and the trial was set for February 7-9, 2017. [Adv. No. 15-01423 ECF No. 14]. The trial was stayed when Mr. Plastino filed for Chapter 11 bankruptcy in the Central District of California on February 3, 2017. [Adv. No. 15-01423 ECF No. 53]. After dismissal of his California bankruptcy, Mr. Plastino filed another Chapter 11 bankruptcy in the Western District of Washington on April 18, 2017. [Adv. No. 15-01423 ECF No. 64; Case No. 17-11760 ECF No. 1].

On June 1, 2017, the trustee in Mr. Plastino's Washington bankruptcy successfully moved to convert the case to a Chapter 7 [Case No. 17-11760 ECF No. 39], and Mr. Plastino's post-conversion schedules revealed that on June 21, 2017, he had filed a complaint against Wood & Jones and Schweet Linde & Coulson in King County Superior Court. [Case No. 17-11760 ECF No. 70; Adv. No. 17-01129 ECF No. 2]. Upon learning this, the defendants removed the case to the bankruptcy court. [Adv. No. 17-01129 ECF No. 1]. Mr. Plastino's complaint set forth three causes of action against the defendants: (1) "Breach of Duty as Set Forth in the Washington

Rules of Professional Conduct," (2) "Violation of RCW 19.86, Washington's Unfair Business Practices and Consumer Protection Act," and (3) a financial and emotional damages claim. Adv. No. 17-01129 ECF No. 2. The three causes of action are based on Mr. Plastino's contention that Wood & Jones used confidential information against him in the Plastino Adversary that he, a former client, disclosed in the confines of an attorney-client relationship. [Adv. No. 17-01129 ECF No. 2].

All defendants moved for summary judgment dismissal, arguing (1) they are entitled to quasi-judicial immunity, (2) Mr. Plastino lacks standing to file this adversary proceeding, and (3) Mr. Plastino's causes of action are meritless because he is not a former client. [Adv. No. 17-01129 ECF No. 11, 25]. The defendants' supporting declarations establish Wood & Jones represented Glengarry in a Chapter 11 bankruptcy filed in 1995. [Adv. No. 17-01129 ECF No. 26 Ex. 4]. Glengarry's 1995 bankruptcy schedules, signed by Debra Wilson as Glengarry's secretary, did not list Mr. Plastino as an officer, director, or shareholder of Glengarry. [Adv. No. 17-01129 ECF No. 26 Ex. 6].

Mr. Plastino initially believed he had no standing and thus did not file substantive reply documents. [Adv. No. 17-01129 ECF Nos. 30 and 38]. At an argument on October 25, 2017, this court granted Mr. Plastino leave to file his response. Mr. Plastino subsequently filed a response and three declarations. [Adv. No. 17-01129 ECF Nos. 38-41]. The declarations described Mr. Plastino's

involvement in the Glengarry bankruptcy and with Wood & Jones as a Glengarry shareholder who actively handled Glengarry's business affairs. [Adv. No. 17-01129 ECF Nos. 39-41]. Incorporating this evidence, Mr. Plastino argues any communication by him to Wood & Jones was thus protected by attorney-client privilege and could not be used to his detriment by either defendant in the Plastino Adversary. [Adv. No. 17-01129 ECF No. 38].

## DISCUSSION

As the moving party, the defendants bear the burden of demonstrating they are entitled to the relief requested as a matter of law and no material issues of fact are in dispute. FED. R. CIV. P. 56(a); FED. R. BANKR. P. 7056. While the evidence and all inferences drawn from the evidence are reviewed in the light most favorable to the non-moving party, mere conclusory factual allegations by the non-moving party are insufficient to overcome substantial factual allegations made by the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

The claims at issue in Mr. Plastino's complaint are based on Washington state law. As discussed below, because Mr. Plastino's causes of action lack merit, the court need not address the defendants' arguments concerning quasi-judicial immunity and Mr. Plastino's lack of standing.

**I. The defendants did not violate the Rules of Professional Conduct.**

**Below is the Order of the Court.**

Mr. Plastino claims Wood & Jones owed him a duty of loyalty as a former client with regard to "any and all information obtained by Wood & Jones . . . during the course of the Glengarry bankruptcy." Adv. No. 17-01129 ECF No. 2. at 12. He contends Wood & Jones divulged confidential and privileged information to Mr. Rigby and Schweet Linde & Coulson in connection with litigating the Plastino Adversary. Mr. Plastino does not indicate what canons of professional conduct are implicated in this adversary proceeding.

Assuming without deciding that Mr. Plastino was a former client of Wood & Jones,[2] the Washington Supreme Court has held an attorney who represented a party in a former matter should be disqualified from representing the opposing party when (1) the present suit is substantially related to the former matter or (2) the attorney had access to confidential information material to the present suit. *Kurbitz v. Kurbitz*, 77 Wn.2d 943, 468 P.2d 673 (1970); *see also Burns v. Norwesco Marine, Inc.*, 13 Wn. App. 414, 417, 535 P.2d 860 (1975).[3] Mr. Plastino has not shown either situation.

---

[2] The court notes it is unlikely Mr. Plastino was a former client. A lawyer who has been retained to represent an organization as a client owes professional duties of loyalty to the organization. By representing the organization, a lawyer does not thereby also from a client-lawyer relationship with all or any individuals employed by it or who direct its operations or who have an ownership interest in it. *See* RPC 1.13. And Mr. Plastino makes no claim that Wood & Jones owed him a duty as a non-client. Indeed, Mr. Plastino previously stated, in his Chapter 7 bankruptcy, that Wood & Jones represented only the corporate debtor Glengarry. [Case No. 17-11760 ECF No. 46].

[3] This is consistent with Washington RPC 1.9.

The Plastino Adversary involves an alleged fraudulent and preferential transfer to Mr. Plastino of Debra Wilson's ownership interest in Morgan First Guaranty Inc., NPX Corp., and LGA, Inc. [Case No. 15-01423 ECF No. 89]. The transfer occurred on July 11, 2011, sixteen years after Glengarry filed for bankruptcy. [*Id*.]. M. Plastino maintains he traded his stock in Morgan First Guaranty Inc. for Glengarry stock shortly after Glengarry filed for bankruptcy. [Adv. No. 17-01129 ECF No. 40]. However, Mr. Plastino provides no evidence explaining how a transaction that occurred in 1995 is substantially related to the Plastino Adversary filed in 2015. Nor does Mr. Plastino explain how the defendants could have had access to confidential information material to the present suit.

In his response to the summary judgment motions, Mr. Plastino summarily states, "The information being sought by Wood & Jones from me in the Glengarry bankruptcy, and the information I provided was for the benefit of Wood & Jones, not for my benefit. This is precisely the type of communications the *Upjohn*[4] court said was protected by the attorney-client privilege." Adv. No. 17-01129 ECF No. 38 at 3-4. But all of the alleged actions in the Plastino Adversary involve transactions occurring after the Glengarry bankruptcy was fully administered and closed. Glengarry filed for bankruptcy as a result of a dispute with a "disgruntled shareholder." Adv. No. 17-01129 ECF No. 39 at 2. Over the course of the

---

[4] *Upjohn Co. v. United States*, 449 U.S. 383 (1981).

bankruptcy, Glengarry attempted to sell various real estate investments that Mr. Plastino was apparently involved in structuring. [Adv. No. 17-01129 ECF Nos. 26 Ex. 8, 39-40]. Mr. Plastino provides no evidence—other than insufficient conclusory allegations—that the "real estate investments" discussed in the Glengarry bankruptcy are substantially related or material to the Plastino Adversary. And according to Glengarry's then-manager, Glengarry's bankruptcy "came to a successful conclusion based on a settlement reached in mediation with the disgruntled shareholder." Adv. No. 17-01129 ECF No. 39 at 2. Notably, the settlement did not involve stock in Morgan First Guaranty Inc. [*See* Adv. No. 17-01129 ECF No. 26 Ex. 1].

Mr. Plastino also fails to provide any evidence that Schweet Linde & Coulson breached the rules of professional conduct. Mr. Plastino's declaration discusses only his dealings with Wood & Jones; the sole "evidence" regarding Schweet Linde & Coulson's involvement are mere conclusory allegations in both the complaint and Mr. Plastino's response. [Adv. No. 17-01129 ECF Nos. 2, 38]

**II. Mr. Plastino did not make a prima facie case under the CPA.**

Mr. Plastino next claims the defendants violated the CPA by "fil[ing] other lawsuits utilizing confidential and privileged information obtained by Wood & Jones from Plastino . . . during the course of the Glengarry bankruptcy." Adv. No. 17-01129 ECF No. 2 at 13. To establish a CPA violation, Mr. Plastino must prove the

defendants' acts (1) are unfair or deceptive, (2) occur in the conduct of trade or commerce, (3) affect the public interest, and (4) cause (5) injury to the plaintiff in his business or property. *Eriks v. Denver*, 118 Wn.2d 451, 463, 824 P.2d 1207 (1992). The first and fifth elements are fatal to Mr. Plastino's cause of action.

Mr. Plastino did not produce any evidence establishing unfair or deceptive acts by the defendants. Mr. Plastino's CPA claim is based on his argument the defendants violated the RPCs. But, as discussed above, he presented no evidence of this. Additionally, Mr. Plastino produced no evidence related to injury in his business or property. The Plastino Adversary is still ongoing, and Mr. Plastino has not alleged any loss of the use and enjoyment of his property or any nonquantifiable injury. *See Stephens v. Omni Ins. Co.*, 138 Wn. App. 151, 180, 159 P.3d 10 (2007) (noting "mental distress, embarrassment and inconvenience alone do not establish injury"). As a result, Mr. Plastino's claim under the CPA fails.

**III.     Mr. Plastino did not make a prima facie showing of emotional distress.**

Lastly, Mr. Plastino claims the defendants "knowingly and intentionally caused Plastino and his wife to suffer severe emotional distress" by "pursuing unwarranted legal actions against Plastino in violation of Washington's Code of Professional Conduct." Adv. No. 17-01129 ECF No. 2 at 13. To recover for intentional infliction of emotional distress, Mr. Plastino must show (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and

1   (3) actual result of severe emotional distress. *Rice v. Janovich*, 109 Wn.2d 48, 61,

2   742 P.2d 1230 (1987).

3       Mr. Plastino's emotional distress claim fails for the same reasons his CPA

4   claim fails: he has not produced evidence that the defendants violated the RPCs and

5   thus cannot establish the defendants engaged in extreme and outrageous conduct.

6   Additionally, he has not produced evidence supporting the third requirement of

7   actual result of severe emotional distress, and thus this claim fails.

8       For the reasons set forth, this court will enter an order granting the defendants'

9   motions for summary judgment.

10                  ///END OF MEMORANDUM DECISION///